**[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 319.]**

OFFICE OF DISCIPLINARY COUNSEL *v.* ROBINSON.

[Cite as *Disciplinary Counsel v. Robinson*, 1998-Ohio-91.]

*Attorneys at law—Misconduct—Six-month suspension with sanction stayed on conditions—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.*

(No. 98-720—Submitted May 27, 1998—Decided September 30, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-22.

_____

{¶ 1} On February 6, 1995, relator, Office of Disciplinary Counsel, filed a complaint charging respondent, Ronald Robinson of Cleveland, Ohio, Attorney Registration No. 0029934, with violating several Disciplinary Rules arising out of his failure to pursue a civil suit on behalf of a client. Respondent filed an answer, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel found that on April 25, 1988, respondent filed suit on behalf of Philip Abbott, alleging that Abbott's sister stole $56,752 from him in workers' compensation checks. Abbott was unaware that his case was dismissed for want of prosecution on March 14, 1990, and that respondent's motion for relief from judgment was denied on February 6, 1991. As late as June 1992, respondent continued to inform Abbott that he was working on his case. Abbott subsequently employed other legal counsel, who obtained a malpractice judgment against respondent for $33,016.75, which has not been satisfied.

{¶ 3} The panel concluded that respondent's actions and failure to act violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). It found in mitigation that respondent had not been

previously sanctioned. It further found that he cooperated with Disciplinary Counsel, that he recognized the gravity of his actions and was remorseful for them, and that during the time of the actions he was suffering from bipolar disorder. The panel recommended that respondent be suspended from the practice of law for six months, but that the entire six-month suspension be stayed, provided respondent complete a two-year probationary period under a monitor selected by relator. The panel recommended the following conditions to respondent's probation: (1) that no further disciplinary complaints be certified against respondent during the probationary period, (2) that during the probationary period respondent regularly consult with a qualified treating psychiatrist and follow all of the psychiatrist's orders relating to medication, (3) that respondent engage in an individualized form of cognitive rehabilitation performed by a clinical neuropsychologist who will tailor a program around actual tasks and real-life demands respondent faces in conducting a law practice, (4) that to compensate for his impaired memory abilities, respondent adopt various techniques and aids, such as maintaining schedules and tracking appointments and time, and be trained in practical note-taking, and (5) that respondent acquire and learn to use a personal computer in his law practice. The board adopted the findings, conclusion, and recommendation of the panel.

————————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Harald F. Craig III*, Assistant Disciplinary Counsel, for relator.

*George S. Coakley,* for respondent.

————————————

**Per Curiam.**

{¶ 4} Having reviewed the record, we adopt the findings, conclusion, and recommendation of the board. Respondent is hereby suspended from the practice of law for six months; however, the entire six-month suspension is stayed, provided that respondent complete a two-year probationary period, under a monitor selected

by relator, upon the conditions set forth by the board in its report, and upon the further condition that, during the probationary period, respondent satisfy the malpractice judgment against him in the amount of $33,016.75. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————